10-5197-ag
Abazovski v. Holder

BIA
Straus, IJ
A077 454 929

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT:
      ROGER J. MINER,
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER,
         *Circuit Judges.*

_____

RAMAZAN ABAZOVSKI,
      *Petitioner,*

      v.                    10-5197-ag
                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Glenn T. Terk, Wethersfield, CT.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ramazan Abazovski, a native and citizen of Macedonia, seeks review of a December 3, 2010, order of the BIA affirming the April 20, 2009, decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramazan Abazovski*, No. A077 454 929 (B.I.A. Dec. 3, 2010), *aff'g* No. A077 454 929 (Immig. Ct. Hartford, CT Apr. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Abazovski does not challenge the agency's finding that he failed to establish a well-founded fear of future persecution or a likelihood of

2

torture, apart from his allegations of past persecution. Accordingly, we address only his challenges to the agency's credibility determination, the determination on which the agency based its conclusion that Abazovski had not demonstrated past persecution.

The agency reasonably found that Abazovski did not establish past persecution because his testimony was not credible. Because this case is not governed by the REAL ID Act, we review the agency's credibility determination to see if it was based on "specific, cogent" reasons bearing a "legitimate nexus" to the finding. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted). As the agency noted, Abazovski's testimony that he never spent more than eight hours in police custody contradicted his written statement that he was incarcerated for up to ten days. The agency reasonably rejected Abazovski's explanation that the last page of the written statement was included with his application in error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

3

to credit his testimony." (emphasis in original; internal quotation marks omitted)). Additionally, the agency reasonably found that Abazovski's testimony that he was a political activist in the Party for Democratic Prosperity ("PDP") was undermined by his testimony admitting that he did not know who led the party when he left Macedonia in 1998. *See Sanusi v. Gonzales*, 445 F.3d 193, 200 (2d Cir. 2006) (per curiam) (concluding that asylum applicant's error in referring to Nigeria's Social Democratic Party as the Christian Democratic Party supported an adverse credibility determination against him).

Having questioned Abazovski's credibility in light of the above findings, the agency reasonably relied on his failure to provide any evidence from the PDP to corroborate his membership. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (holding that "the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

In sum, the agency's adverse credibility determination was supported by substantial evidence. That determination supports the agency's conclusion that Abazovski did not

4

establish that he suffered past persecution.  Accordingly, Abazovski is not entitled to a presumption of a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(1) (2011), and thus we need not address Abazovski's argument that the government failed to rebut the presumption of a well-founded fear of future persecution.

Because Abazovski did not establish that he suffered past persecution, so as to establish his eligibility for asylum, his application for withholding of removal and CAT relief, which is based on the same factual predicate, fails as well.  See Paul v. Gonzales, 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5